IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 26 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JEROME DESHONE HOPKINS,  )
                         )
            Plaintiff,   )
                         )
v.                       )    No. CIV 08-443-RAW-SPS
                         )
JUSTIN JONES, et al.,    )
                         )
            Defendants.  )

## OPINION AND ORDER

This action is before the court on a motion to quash plaintiff's attempt to serve individually the members of the Board of the Oklahoma Department of Corrections [Docket #34], and the members' motion to dismiss based on Eleventh Amendment immunity [Docket #35]. In addition, plaintiff has filed a motion for summary judgment [Docket #32].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations during his incarceration. The defendants are Justin Jones, DOC Director; Jim Rabon, DOC Sentence Administrator and Administrator of Offender Records; Daniel Beats, Probation and Parole Officer; Paty Davis; Debbie Morton, DOC Director's Designee; and the members of the Board of the Oklahoma Department of Corrections.

Plaintiff alleges he was incarcerated in a county jail more than eight months longer than necessary, because of inadequate bed space in the Department of Corrections. He claims this delay denied him level advancement and earned credits that would entitle him to

earlier release, and his unanswered inquiries and grievances about this issue have denied him due process. Plaintiff also asserts unspecified claims of cruel and unusual punishment and discrimination, presumably related to his claim concerning the delayed transfer to a DOC facility.

The members of the Board of the Oklahoma Department of Corrections ("Board") have filed a motion to quash [Docket #34] and a motion to dismiss [Docket #35]. Plaintiff has not responded to either motion. The record shows that a summons for "ODOC, Members of the Board" was issued on January 16, 2009 [Docket #16]. The USM-285 form, sent to the attention of Debbie Mahaffey [sic], showed the defendant as "Members of Board ODOC" with special instructions listing "Edward Evans, Debbie Maheffey [sic], Reginal [sic] Hines, Bobby Boone, Joyce Jackson, and Elvin Baum [Docket #31]. L.D. English received and signed the summons on February 27, 2009. *Id.*

The Board members allege in their motion to quash that plaintiff did not name the individual Board members in his amended complaint, and to the extent plaintiff is attempting to name the Board members individually, he has failed to serve them properly. The Board members, therefore, assert plaintiff's attempt at service should be quashed.

Rule 4 of the Federal Rules of Civil Procedure sets forth the proper procedure for service. Service on an individual within a judicial district is accomplished by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

2

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2).

The United States Marshals Service attempted service of the members by certified mail, which is permitted in Oklahoma. Okla. Stat. tit. 12, § 2004(C)(2). None of the individual Board members was personally served, and the summons was not served on anyone who was authorized to accept service for the individuals. Service, therefore, was not accomplished, and the Board's motion to quash plaintiff's attempt at service is granted.

The Board also has filed a motion to dismiss, based on Eleventh Amendment immunity. The Board of Corrections is a state office created by state statute. Okla. Stat. tit. 57, § 501. "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Generally, a state and its agencies are entitled to immunity under the Eleventh Amendment for actions brought in federal court, whether the action seeks damages or equitable relief. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Therefore, the Board of Oklahoma Department of Corrections' motion to dismiss is granted.

Plaintiff has filed a motion for summary judgment, detailing the facts of his claims [Docket #32]. Defendants Justin Jones, Jim Rabon, Daniel Beats, Paty Davis, and Debbie Morton filed a waiver of reply in this case, pursuant to 42 U.S.C. §1997e(g)(1) [Docket #30],

3

and they allege in their response to plaintiff's motion [Docket #37] that plaintiff's case is barred in its entirety by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has not filed a reply to the defendants' response to his motion.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). To the extent plaintiff seeks compensatory damages for the alleged unconstitutional administration of his sentence, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487 (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his conviction or sentence has been so invalidated, the court finds his claim for damages is not cognizable under § 1983.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987). Because plaintiff has not received relief on the duration of his sentence as required by *Heck*, the court finds plaintiff has failed to demonstrate he has a reasonable opportunity to prevail on the merits of the case.

**ACCORDINGLY,** the members of the Board of the Oklahoma Department of

Corrections' motions to quash plaintiff's attempt to serve them individually [Docket #34] and to dismiss based on Eleventh Amendment immunity [Docket #35] are GRANTED. Plaintiff's motion for summary judgment [Docket #32] is DENIED, and this action is DISMISSED in its entirety without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED** this 26th day of March 2010.

*Ronald A. White*
RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**